J-S77033-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| D.P.M. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| J.D.M. | |
| Appellant | No. 646 MDA 2016 |

Appeal from the Order Entered March 23, 2016
in the Court of Common Pleas of Adams County
Civil Division at No.: 2016-SU-0000248

BEFORE:  PANELLA, J., OLSON, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED OCTOBER 19, 2016**

Appellant, J.D.M., appeals from the order entered on March 23, 2016, after a hearing, granting a petition for a protection from abuse order ("PFA") filed by Appellee, D.P.M., his estranged wife.  Appellant challenges the sufficiency of the evidence for a PFA.  We affirm.

In its opinion, the trial court fully and correctly sets forth the relevant facts and procedural history of this case.  Therefore, we have no reason to restate them at length here.  For the convenience of the reader we note briefly that Appellee moved out of the family residence on January 4, 2016, and has filed for divorce after thirty-three years of marriage.  After she left, Appellant began leaving hundreds of telephone messages on her cellphone.

_____

[*] Retired Senior Judge assigned to the Superior Court.

In some, Appellant threatened to "do something" if Appellee did not return home, and that he would "make [her] pay." Appellant followed her to her work, and to her new church, on multiple occasions. Appellant threatened to shoot himself. When Appellee entered the house to retrieve personal items, she observed a loaded shotgun in the living room. The couple got into a shoving match and both fell down in the driveway.

Appellant raises one question for our review:

> 1. Whether the evidence was sufficient by the standard of preponderance of the evidence to support trial court's conclusion to grant petitioner's complaint for protection from abuse?

(Appellant's Brief, at 5) (unnecessary capitalization omitted).

Appellant does not deny the factual predicates of the PFA order. Instead, he attempts to re-present the facts of the case in a light essentially more favorable to himself. In so doing, Appellant disregards the well-settled standard of review that we view the evidence supporting a PFA order in the light most favorable to the petitioner. *See Raker v. Raker*, 847 A.2d 720, 724 (Pa. Super. 2004). On this basis, he concludes that if Appellee had any fear of violence or imminent bodily injury, it was not "a reasonable fear." (Appellant's Brief, at 14). We disagree.

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the trial court, we conclude that there is no merit to the claim Appellant has raised on appeal. The trial court opinion properly disposes of the question presented. (*See* Trial Court

Opinion, 6/22/16, at unnumbered pages 5-7) (concluding that evidence of hundreds of unwanted messages from Appellant, many containing threats; illegal possession of firearm; threats of suicide; and physical altercation between parties, established by preponderance of the evidence that Appellant placed Appellee in reasonable fear of imminent serious bodily injury). We also note that the trial court found Appellee's testimony to be credible, and Appellant's testimony to be less than entirely truthful. (**See id.** at unnumbered page 3). The trial court properly granted Appellee's protection from abuse order.

Accordingly, we affirm on the basis of the trial court's opinion.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/19/2016